RECEIVED
IN LAKE CHARLES, LA.

OCT 19 2016

TONY R. MOORE, CLERK
BY_____
          DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

|  |  |  |
|---|---|---|
| **DARIAN CHANEY** | * | **CIVIL ACTION NO. 2:15-CV-02808** |
|  | * |  |
|  | * |  |
|  | * | **JUDGE MINALDI** |
| **v.** | * |  |
|  | * |  |
|  | * | **MAGISTRATE JUDGE KAY** |
| **JACQUELINE JONES, et al.** | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM ORDER

Before the court is the defendant Landon Dowden's (Dowden) Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) or in the alternative under Rule 12(b)(6) [1](Rec. Doc. 11), the plaintiff Darian Chaney's (Chaney) Response (Rec. Doc. 14) which also asks for an extension of time to perfect service if the court finds that the service was inadequate, and Dowden's Reply (Rec. Doc. 15). For the following reasons, the courts **DENIES** Dowden's Motion to Dismiss (Rec. Doc. 11), **QUASHES** the plaintiff's service on April 19, 2016 (Rec. Doc. 5), and **GRANTS** the plaintiff's request for an extension of time (Rec. Doc. 14), giving the plaintiff 30 days to perfect service.

### FACTS & PROCEDURAL HISTORY

On December 8, 2015, the plaintiff filed a complaint against Dowden, Jacqueline Jones, and the City of Leesville alleging that the defendants had disregarded his federally protected rights in violation of 42 U.S.C. § 1983.[2] Shortly after the complaint was filed, all of the

---

[1] While the title of the Motion to Dismiss references 12(b)(6), Dowden does not argue that Chaney "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Therefore, the court will only address whether Dowden was properly served, and if he was not, whether dismissal is appropriate.
[2] Compl. (Rec. Doc. 1), ¶ 1.

defendants were represented by Stamey & Miller, L.L.C. (Stamey & Miller).[3] The plaintiff's

counsel contacted Stamey & Miller to learn whether the defendants would waive service, and

after contacting the firm, the plaintiff believed that the defendants would do so.[4]  However none

of the defendants waived service and in April 2016, the plaintiff retained a private process server

to serve them all.[5] Jacqueline Jones[6] and the City of Leesville[7] were successfully served on April

6, 2016. The process server also submitted a Proof of Service that Dowden was personally

served at the Oakdale Police Department on April 19, 2016.[8] In Dowden's Motion to Dismiss, he

offers evidence that he was not at the Oakdale Police Department on that date and that he did not

receive the complaint.[9] In his response, the plaintiff includes an affidavit from the hired process

server, stating that on April 19, 2016, he learned that Dowden was not at work and he placed a

copy of the complaint to Dowden's mailbox at the police department.[10]

On April 28, 2016, Stamey & Miller notified the plaintiff that it no longer represented

Dowden, and another attorney had been retained to represent him.[11] Dowden argues that Stamey

& Miller's letter was "premised in part off of the false service return of [the process server] for

Landon Dowden."[12] However, nothing in the letter indicates that Dowden's service was

inadequate or that he was unaware of the suit. The plaintiff's counsel subsequently made contact

with Dowden's new counsel, Randall Keiser, and agreed to allow all the defendants until July 13,

---

[3] Letter from Stamey (Rec. Doc. 14-2), Ex. A.
[4] Response Memo. (Rec. Doc. 14-1), p. 1; Email from Strickland (Rec. Doc. 14-2), Ex. B.
[5] Response Memo. (Rec. Doc. 14-1), p. 1.
[6] Summons Returned Executed (Rec. Doc. 3).
[7] Summons Returned Executed (Rec. Doc. 4).
[8] Summons Returned Executed (Rec. Doc. 5).
[9] Dowden Affidavit (Rec. Doc. 11-2), Ex. B; Dowden Full Time Wages and Hour Form (Rec. Doc. 11-2), p. 2;
Dowden Time Card (Rec. Doc. 11-2), p. 3.
[10] Strother Affidavit (Rec. Doc. 14-2), Ex. D.
[11] Letter from Stamey (Rec. Doc. 14-2), Ex. C.
[12] Reply (Rec.Doc. 15), p. 3.

2016 to file an answer before moving for a default.[13] On July 13, 2016, Dowden, represented by

Keiser, filed a Motion to Dismiss (Rec. Doc. 11) for improper service. In his response (Rec. Doc.

14), the plaintiff argues that he had no reason to believe that service was inadequate prior to

Dowden's Motion.

### LAW & ANALYSIS

A defendant can challenge the method of service under Federal Rule of Civil Procedure

12(b)(5). "When service of process is challenged, the serving party bears the burden of proving

its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of*

*Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Rule 4 of the Federal Rules of Civil Procedure

governs how a plaintiff should serve a defendant in federal court.

### I.   Adequacy of Service

Federal Rule of Civil Procedure 4(e) provides that,

> an individual--other than a minor, an incompetent person, or a person
> whose waiver has been filed--may be served in a judicial district of the
> United States by:
>
> (1) following state law for serving a summons ...; or
>
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the
>         individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place
>         of abode with someone of suitable age and discretion who resides
>         there; or
>     (C) delivering a copy of each to an agent authorized by appointment
>         or by law to receive service of process.

Under the Louisiana Code of Civil Procedure articles 1232 and 1234, a plaintiff can serve a

defendant by personally tendering the summons to the defendant, or by leaving a copy of the

summons at the defendant's domicile with a person of suitable age and discretion that also lives

---

[13] Motion for Extension of Time to Take a Default (Rec. Doc. 7), ¶¶ 3-4.

at the domicile. In light of the evidence submitted by Dowden which shows that he was not

present at the police station on April 19, 2016, and the affidavit of the process server which

admits that he did not personally hand Dowden the summons,[14] the court finds that service was

not perfected. Therefore, the service issued on April 19, 2016 (Rec. Doc. 5) is **QUASHED**.

Dowden also argues that service was improper because the attempted service on April 19,

2016, was 132 days after the plaintiff filed the complaint and that any service attempted now

would be well after the 120 day deadline provided by Federal Rule of Civil Procedure 4(m).

While this is true, the court has broad discretion to extend that 120 day deadline, as discussed

below.

## II.    Consequence of Inadequate Service

Under Rule 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed,
> the court...must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time. But if the
> plaintiff shows good cause for the failure, the court must extend the time
> for service for an appropriate period.

The district court "must first determine whether good cause exists. If good cause is

present, the district court must extend time for service. If good cause does not exist, the court

may, in its discretion, decide whether to dismiss the case without prejudice or extend time for

service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To show that he had good cause

for failing to serve the defendant, the plaintiff must show "at least as much as would be required

to show excusable neglect," show good faith, and show "some reasonable basis for

noncompliance." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v.

Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)).

---

[14] Dowden Affidavit (Rec. Doc. 11-2), Ex. B; Dowden Full Time Wages and Hour Form (Rec. Doc. 11-2), p. 2;
Dowden Time Card (Rec. Doc. 11-2), p. 3; Strother Affidavit (Rec. Doc. 14-2), Ex. D.

4

Even if the plaintiff cannot establish good cause, the court may still grant the plaintiff's an extension of time for service. *Thompson*, 91 F.3d at 21. "An extension of the deadline for service may be warranted when plaintiffs acted reasonably and in good faith and defendants had actual notice of the litigation." *Jacob v. Barriere Const. Co., LLC*, No. CIV.A. 08-3795, 2009 WL 2390869, at *3 (E.D. La. July 30, 2009) (citing *In re Motel 6 Securities Litigation*, 1995 WL 649930, * 1 (S.D.N.Y. Nov. 6, 1995)).

Here, the plaintiff claims that he had good cause to not serve Dowden within 120 days. He argues that he, in good faith, believed that Dowden would waive service and relied on the returned summons which stated that Dowden has been personally served. The court finds that the plaintiff had good cause to not perfect service after the summons was returned executed. However, April 19, 2016 is still outside of the 120 day deadline. The court does not find that the plaintiff had good cause based on his belief that Dowden would waive service. This belief was premised on telephone conversations with Stamey & Miller, Dowden's original counsel, that took place in January 2016, leaving ample time for the plaintiff to determine that the defendants were not waiving service and that he would need to serve them.

While the plaintiff has not established good cause for failing to serve Dowden within 120 days of filing his complaint, this court may still in its discretion grant the plaintiff an extension of time. *Thompson*, 91 F.3d at 21. The court finds that an extension of time is appropriate here because Dowden likely knew about this suit from its inception, he is not prejudiced by the delayed service, and the plaintiff tried to serve Dowden near the 120 day deadline. *See Jacob*, 2009 WL 2390869, at *3. The plaintiff filed the complaint on December 8, 2015,[15] and Dowden had legal representation regarding the complaint by December 15, 2015.[16] Dowden later retained

---

[15] Compl. (Rec. Doc. 1).
[16] Letter from Stamey (Rec. Doc. 14- 2), Ex. A.

his current counsel to represent him in the matter. If Dowden was truly unaware of the pending action, this would be due to, at least in part, his own attorneys' actions. Dowden also has not alleged any specific prejudice that he suffered because of the inadequate service. In fact, Dowden's attorneys have apparently been in contact with the plaintiff's attorneys since December 2015, including attempts to negotiate a settlement.[17] For these reasons,

**IT IS ORDERED** that Dowden's Motion to Dismiss (Rec. Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's service of April 19, 2016 (Rec. Doc. 5) is **QUASHED.**

**IT IS FURTHER ORDERED** that the plaintiff's request for an extension of time for service of process (Rec. Doc. 14) is **GRANTED,** and the plaintiff must properly serve Dowden within 30 days.

Lake Charles, Louisiana, this 4 day of ___Oct._____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[17] *See* Letter from Stamey (Rec. Doc. 14- 2), Ex. A; Letter from Stamey (Rec Doc. 14-2), Ex. C; Motion for Extension of Time to Take a Default (Rec. Doc. 7), ¶ 3.