# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARIAN CHANEY** | : | **DOCKET NO. 15-cv-2808** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JACQUELINE JONES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are Motions for Summary Judgment [docs. 44, 47] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendants Landon Dowden ("Dowden") and Jacqueline Jones ("Jones"), respectively. Both motions relate to the civil rights action [doc. 1] filed through counsel but now being tried *pro se* by plaintiff Darian Chaney ("Chaney"). *See* doc. 28. Chaney opposes the motions. Docs. 49, 50.

The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the following reasons, **IT IS RECOMMENDED** that the motions [docs. 44, 47] be **DENIED**.

### I.
#### BACKGROUND

Through counsel, Chaney filed a complaint in this court on December 8, 2015, under 42 U.S.C. § 1983 and state tort law, alleging that he had been subjected to police brutality following a traffic stop and car chase in Vernon Parish, Louisiana. Doc. 1. As defendants he named the City of Leesville, Louisiana, as well as Landon Dowden and Jacqueline Jones, individual officers of

the Leesville Police Department. *Id.* at 2. On February 27, 2015, Chaney's attorneys filed a motion to withdraw, stating that Chaney had terminated their representation by mail earlier that month.[1] Doc. 25. This court granted the motion on February 28, 2017, advising Chaney of his responsibilities as a pro se litigant, and entered an electronic scheduling order. Docs. 28, 29.

Shortly thereafter, from March 2 through March 8, 2017, this court received several letters from Chaney to the undersigned magistrate judge, the district judge, the United States Fifth Circuit Court of Appeals, and his former attorneys, quoting fictitious law books and statutes and making demands for immediate compensation in the amount of 26.3 million dollars. *See* docs. 30–43. Within these letters Chaney declared multiple times that he was not suing the individual officers but instead only intended to sue the City of Leesville Police Department. Doc. 30, p. 2; doc. 33, p. 2; *see* doc. 37, p. 2 (questioning why Jacqueline Jones was named in the caption on his suit).

Both individual officer defendants now move for summary judgment, in motions filed on March 15 and 24, 2017, respectively, on the basis that Chaney has time and again averred that he does not intend to sue them. Docs. 44, 47. In his responses, filed in this court on April 10, 2017, Chaney continues to make several confounding assertions, but also states that he "accept[s] [defendant law firm's] offer to sue Jacqueline Jones and Landon Dowden." Doc. 49, p. 2; *see also* doc. 50, p. 1 (stating causes of action by defendant).

## II.
### LAW & APPLICATION

#### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially

---

[1] In the corrected motion they also noted that Chaney was presently incarcerated. Doc. 27.

responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

*B. Application*

Dowden and Jones maintain that summary judgment is proper based on the Chaney's statements that he did not intend to sue them. As Jones notes, "summary judgment is often appropriate when the plaintiff has named the wrong party as the defendant." *Nelson v. Int'l Paint Co., Inc.*, 734 F.2d 1084, 1094 (5th Cir. 1984) (citation omitted). In this matter, however, Chaney corrected his own assumption that the wrong parties had been named in the complaint and now maintains that he also intends to sue the individual officers in their individual capacities. These

officers are proper parties under the allegations made pursuant to § 1983, as Chaney contends that they were acting under color of state law and were personally involved in the alleged civil rights violations. Doc. 1, pp. 3–6; *see James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (providing the standard of liability for individual capacity claims under § 1983). Accordingly, the defendants cannot carry their burden of showing that they were wrongly named in this matter and so are not entitled to summary judgment.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motions for Summary Judgment [docs. 44, 47] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE